FILED
United States Court of Appeals
Tenth Circuit

March 28, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

ROBERT ROY BAKER,

          Petitioner–Appellant,

v.

STEVEN TURLEY; UTAH STATE
PRISON,

          Respondents–Appellees.

No. 11-4193

(D.C. No. 2:08-CV-00510-TC)

(D. Utah)

ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **BRISCOE**, Chief Judge, **McKAY,** and **HOLMES**, Circuit Judges.

Petitioner, a pro se state prisoner, seeks a certificate of appealability to appeal the district court's denial of his § 2254 habeas petition. Petitioner pled guilty to two counts of child rape, one count of aggravated sexual abuse of a child, and one count of sexual exploitation of a minor. Following a remand, he was sentenced to two concurrent sentences of ten years to life on the rape counts, a concurrent sentence of five years to life on the sexual abuse count, and a consecutive sentence of one to fifteen years on the sexual exploitation count. On

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

appeal, the Utah Court of Appeals rejected his claim of ineffective assistance of counsel at sentencing. *See State v. Baker*, 2007 WL 416682 (Utah Ct. App. 2007). The Utah Supreme Court denied his petitions for certiorari review. In this § 2254 habeas petition, Petitioner again claims ineffective assistance of counsel at sentencing relating to two issues: (1) Petitioner's counsel should have insisted the district court obtain a psychosexual evaluation of Petitioner to use as mitigating evidence at sentencing; and (2) Petitioner's counsel should have challenged the prosecutor's statements at sentencing that purportedly exaggerated the amount of child pornography found in Petitioner's home.

The district court denied Petitioner's habeas petition and held that Petitioner failed to show his attorney's conduct fell below the objective standard of reasonableness required by *Strickland v. Washington*, 466 U.S. 668 (1984). The district court did not address whether Petitioner is entitled to a certificate of appealability. Thus, Petitioner must obtain a COA from this court to appeal the denial of his habeas petition. *See* 28 U.S.C. § 2253(c)(1). In denying Petitioner's habeas petition, the district court concluded the Utah Court of Appeals did not unreasonably apply the law, nor did Petitioner provide clear and convincing evidence that the state court's factual decisions were clearly erroneous. We agree with the district court and have nothing to add to that court's thorough analysis.

After filing the current appeal, Petitioner filed a motion in the district court seeking release of his sealed pre-sentence report. He argued he needed a copy of

2

the report to assist in the preparation of his appeal.  The district court did not rule on his motion, and Petitioner subsequently filed a petition for writ of mandamus asking this court to compel the district court to release the requested report.  "The Supreme Court has made it clear that mandamus is a 'drastic' remedy that is 'to be invoked only in extraordinary situations.'"  *In re Antrobus*, 519 F.3d 1123, 1124 (10th Cir. 2008) (quoting *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980)).  "Only exceptional circumstances, amounting to a judicial usurpation of power, will justify the invocation of this extraordinary remedy."  *Allied Chem.*, 449 U.S. at 35.  Petitioner has not satisfied the exceptional standard necessary for mandamus.  Further, based on our review of the case we conclude any lack of access to the report did not prejudice his appeal.

After carefully reviewing Petitioner's brief and the record on appeal, we conclude reasonable jurists would not debate whether the district court erred in dismissing the petition.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  We therefore **DENY** the application for a certificate of appealability and **DISMISS** the appeal.  We **GRANT** Petitioner's motion to proceed *in forma pauperis* on appeal.

ENTERED FOR THE COURT


Monroe G. McKay

Circuit Judge

3